IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **Case No.** |
| ) | **2:23-cr-00325-MHH-GMB** |
| **MEKHI DIWONE HARRIS,** ) | |
| *also known as* "01ihk," ) | |
| "01ihk1," and "Khi," ) | |

<u>**UNITED STATES' MOTION FOR ALTERNATIVE VICTIM
NOTIFICATION UNDER 18 U.S.C. 3771(d)(2)**</u>

The United States of America, by and through its counsel, Prim F. Escalona, United States Attorney, and Edward J. Canter, Assistant United States Attorney, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States

engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion, other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

The Indictment charges the defendant, Mekhi Diwone Harris, with one count of conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. § 1349; four counts of wire fraud, in violation of 18 U.S.C. § 1343; and six counts of bank fraud, in violation of 18 U.S.C. § 1344. The Indictment alleges that the defendant participated in a scheme to sell stolen or otherwise fraudulent checks on a Telegram

channel called "Work Related Slips." The victims include individuals, municipalities, utilities, churches, nursing homes, schools, non-profit groups, and businesses across the country. The Government currently estimates that more than 1,500 individuals, business, and non-profits had stolen checks that were posted for sale on the "Work Related Slips" Telegram channel, and those checks were drawn on bank accounts at dozens of financial institutions.

Such a large number of victims makes compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, the Government intends to use an alternative mechanism for informing victims in accordance with 18 U.S.C. § 3771(d)(2). The government intends to send one written notification to all potential victims, which will provide the victims with a website link established on the Northern District of Alabama webpage to direct victims to case-specific information, which will be updated throughout the case to include notice of all public hearings and other victim notifications as required by statute. The website link will be https://www.justice.gov/usao-ndal/victim-witness-assistance-program.

## **CONCLUSION**

Based on the foregoing, the Government requests that the Court grant the motion for alternative victim notification procedures as set forth in this motion.

Respectfully submitted,

*/s/ Edward J. Canter*
Edward J. Canter
Assistant U.S. Attorney
1801 Fourth Avenue N
Birmingham, Alabama 35213

## **CERTIFICATE OF SERVICE**

I certify that on September 11, 2023, a true and correct copy of the foregoing document was transmitted electronically using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                          */s/ Edward J. Canter*
                                          Edward J. Canter
                                          Assistant U.S. Attorney